UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


EDWARD-X CROMER,

        Plaintiff,

                                     File No. 2:08-CV-203

v.

                                     HON. ROBERT HOLMES BELL

P. CARBERRY, et al.,

        Defendants.

_____/

**O P I N I O N**

This is a prisoner civil rights action filed by Plaintiff Edward-X Cromer, a/k/a Bu'cay

Shabazz, pursuant to 42 U.S.C. § 1983. On February 1, 2010, United States Magistrate

Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") (Dkt. No. 39),

recommending that the Court grant in part and deny in part a motion to dismiss and/or for

summary judgment filed by Defendants Valerie Killips, Bertina Bowerman, Gerald Riley,

and Charles Santure. Defendants filed objections on February 9, 2010. (Dkt. No. 40.)

Plaintiff filed objections to the R&R on February 10, 2010. (Dkt. No. 42.) For the reasons

that follow, Plaintiff's objections will be denied, Defendants' objections to the R&R will be

granted in part, and the R&R will be adopted in part as the opinion of the Court.

**I. Review Standards**

This Court is required to make a *de novo* determination of those portions of a R&R

to which specific objections are made, and may accept, reject, or modify any or all of the

Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If Defendants carry their burden of showing that there is an absence of evidence to support a claim, Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).  The Court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party.  *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587)).  Nevertheless, the mere existence of a scintilla of evidence in support a claim is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

## II.  Analysis of Objections

### A.  Plaintiff's Objection I

Plaintiff claims that, on January 19, 2007, Defendant Bowerman violated Plaintiff's right to practice his religion by calling Plaintiff "Ed" during a religious service, rather than Plaintiff's preferred name, Edward-X.  The R&R determined that Plaintiff did not properly exhaust his administrative remedies as to this claim.  *See* 42 U.S.C. 1997e(a).

In response to the R&R, Plaintiff argues that a grievance naming Defendant Bowerman regarding an incident occurring on January 18, 2007, exhausted Plaintiff's administrative remedies as to this issue.  Plaintiff argues that the incident on January 19 was a continuation of the conduct on January 18.  Plaintiff contends that he is not required to file a new grievance every time the same violation occurs, citing *Booth v. Churner*, 532 U.S. 731 (2001).  *Booth*, however, does not stand for this proposition, and Plaintiff offers no other authority in support of his position.

The Court discerns no error in the determination of the R&R.  Regardless of whether Plaintiff properly grieved and exhausted his remedies as to Defendant's conduct on January 18, Plaintiff's failure to grieve conduct that occurred on a different day, under different circumstances, deprived prison officials of the opportunity to review and correct that conduct prior to the Court's intervention.  *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-26 (6th Cir. 2010) (noting the purposes of exhaustion).

Plaintiff also contends that he exhausted this issue because Michigan Department of

Corrections ("MDOC") policies prohibit raising issues that are duplicative of issues raised in other grievances. *See* MDOC Policy Directive 03.02.130 ¶ G.1. Plaintiff merely assumes that a second grievance would have been rejected as duplicative, but there is no indication that Plaintiff ever attempted to file a grievance with respect to the January 19, 2007, incident. Plaintiff cannot "assume that a grievance would be futile and proceed directly to federal court with his complaints." *Wells v. Neva*, No. 00-1030, 2000 WL 1679441, at *1 (6th Cir. Nov. 1, 2000) (rejecting the prisoner's argument that he exhausted his claim because a grievance would have been duplicative). The Court is not in a position to determine whether the grievance would have been rejected as duplicative. That determination is for the prison officials in the first instance. Even if the grievance was duplicative, prison officials might have chosen to address it on its merits. Plaintiff's decision to proceed directly to this Court with his claim deprived them of that opportunity. Thus, the Court agrees with the R&R that Defendants are entitled to summary judgment on this issue because there is no genuine dispute that Plaintiff did not properly exhaust his administrative remedies with respect to the claim based on the January 19, 2007, incident. Plaintiff's religious practice claim against Defendant Bowerman will be dismissed.

B. Plaintiff's Objection II

Plaintiff next objects to the determination in the R&R that Defendant Riley did not violate Plaintiff's rights by refusing to make copies of religious materials called "Supreme Wisdom Lessons" for Plaintiff. Plaintiff is black and a member of the Nation of Islam.

Plaintiff asserts in his verified complaint:

> Chaplain Riley refuses to provide Plaintiff a copy of the Supreme Wisdom Lesson after Plaintiff found prisoner Mr. Churn # 165703 with a Supreme Wisdom Lesson, and Prisoner Churn was willing to allow Chaplain Riley to make a copy of the fourty [sic] two (42) pages.

(Dkt. No. 6, Am. Compl. ¶ 100.)

In support of the summary judgment motion, Defendant Riley attests that he provides religious materials that have been donated to him free of charge to prisoners. (Dkt. No. 31, Defs.' Ex. Q, Riley Aff.) Though prisoners were once able to pay prison officials for copies of the Supreme Wisdom Lessons, these materials have since been copyrighted and may now be obtained through a publication called "Final Call Magazine." (*Id.*) Based on Defendant Riley's affidavit, the R&R determined that Defendant Riley refused to copy the materials because the materials are copyrighted, and not because of any discriminatory purpose.

Plaintiff objects that his evidence raises an issue of fact as to whether the materials are copyrighted. In response to the motion, Plaintiff submitted the cover sheet to the Supreme Wisdom Lessons, which does not bear a copyright notice. (*See* Dkt. No. 37, Plf.'s Ex. 1.) The Court agrees with Plaintiff. There may be reasons for disregarding the evidence provided by Plaintiff, but Defendants have not raised any, nor have they explained their basis for concluding that materials that once were not copyrighted have since become copyrighted. Considering the evidence in the light most favorable to Plaintiff, there is a factual dispute regarding the copyright status of the materials and, thus, there is a dispute regarding the basis for Defendant Riley's refusal to copy them. Accordingly, the Court rejects the finding of the

R&R that there is no issue of fact with respect to the reason for Defendant Riley's refusal to copy these religious materials.

Nevertheless, the Court will grant the motion for summary judgment. To demonstrate a violation of the Equal Protection Clause, Plaintiff must show disparate treatment as well as discriminatory purpose or intent. *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 265 (1977). Summary judgment is warranted in this matter because there is no evidence that Defendant Riley treated Plaintiff differently from similarly-situated prisoners.

Plaintiff argues that Riley does not deny "providing" religious materials to "Christian and Arabic Muslims," (Dkt. No. 37, Pl.'s Br. in Resp. to Mot. 20), but this statement misstates the conduct supporting Plaintiff's claim. According to the evidence, Defendant did not refuse to *provide* the Supreme Wisdom Lessons; rather, Defendant refused to *make copies* of another prisoner's copy of them. (*See* Am. Compl. ¶ 100.) Prisoners do not have a free-standing right to have prison officials make copies of religious materials, and there is no evidence that Defendant Riley treated Plaintiff differently from any other prisoners in this regard. In other words, no evidence suggests that Defendant Riley made copies of religious materials for some prisoners but refused to make them for Plaintiff. Moreover, Plaintiff does not contend, and no evidence suggests, that Defendant Riley would not make available to Plaintiff *donated* copies of the Supreme Wisdom Lessons, or any other religious materials.

Therefore, the Court will grant Defendants' motion for summary judgment with

respect to Plaintiff's claims against Defendant Riley because Plaintiff has not demonstrated that Defendant Riley treated him differently from similarly-situated individuals.

C. Plaintiff's Objection III

Finally, Plaintiff objects to the determination in the R&R that Defendants are entitled to qualified immunity with respect to Plaintiff's equal protection claim regarding copies of the Supreme Wisdom Lessons. (Dkt. No. 39, R&R 15.) Plaintiff states that Defendants did not provide evidence to support their claim for qualified immunity. The R&R concluded that Defendants are entitled to qualified immunity because Plaintiff cannot show that his constitutional rights were violated. (*Id.*) For the reasons stated, the Court agrees with that determination. Therefore, Defendants are entitled to qualified immunity with respect to this claim.

D. Defendants' Objection I

The R&R determined that there remains an issue of fact with respect to Plaintiff's equal protection claims against Defendants Bowerman, Killips, and Santure. The claims, and the circumstances giving rise to the claims are set forth in more detail in the R&R. In short, Plaintiff alleges that Defendant Bowerman fabricated a sexual misconduct charge against Plaintiff and that Defendant Santure fabricated a threatening behavior misconduct charge against Plaintiff. Plaintiff claims Defendants fabricated these charges on the basis of Plaintiff's race. According to the misconduct charges, Plaintiff was making lewd gestures towards Defendant Killips, and was told to stop by Defendant Bowerman. Defendant then

became loud and disruptive and was told to stop by Defendant Santure. Defendant responded by threatening to harm Santure. Defendant was found guilty of both charges by the hearing officer.

In response to the summary judgment motion, Plaintiff submitted statements from other prisoners as to what occurred. Defendants object that Plaintiff's evidence does not create an issue of fact with respect to whether Plaintiff was treated differently from other prisoners on the basis of his race or religion.

The Court notes that Defendants and the R&R have construed Plaintiff's claim solely as an equal protection claim, though Plaintiff arguably raises a retaliation claim based on the First Amendment, in addition to his equal protection claim. Plaintiff asserts in his complaint that Defendants Bowerman and Santure retaliated against him for engaging in protected conduct. (Dkt. No. 6, Am. Compl. ¶¶ 117, 124.)

With respect to Defendant Bowerman, Plaintiff asserts that Bowerman "did maliciously and intentionally retaliate against Plaintiff for the exercise of religious observance; violation of Plaintiff's right to legal mail, and; "looking" at a lady officer, contrary to U.S. Constitution Amendments Equal Protection (and Fourteenth Amendment) and RLUIPA." (*Id.* at ¶ 117.) With respect to Defendant Santure, Plaintiff asserts that Santure "maliciously and intentionally retaliated for Plaintiff participating in protected conduct (looking) at a Caucasian ("white") lady and did deprive Plaintiff a liberty interest contrary to U.S. Constitutional Amendments One (1) and Fourteen (14) (equal protection)."

(*Id.* at ¶ 124.)

To the extent Plaintiff asserts a retaliation claim based on the First Amendment, however, his claim fails because it is not disputed that Plaintiff was found guilty of the misconduct charges after a review of the evidence by a hearing officer. The Sixth Circuit has stated that a finding of guilt "based upon some evidence of a violation of prison rules 'essentially checkmates'" a claim that an officer filed false disciplinary reports in retaliation for protected conduct. *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (unpublished) (citing *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)). According to *Henderson*, the critical inquiry is not whether prison officials retaliated against the prisoner based on protected conduct, but whether "the prison disciplinary committee ultimately found based upon some evidence that the prisoner committed the charged violation of the prison regulations." *Id.* Accordingly, to the extent Plaintiff asserts a retaliation claim, it necessarily fails under the rule stated in *Madery*.

To the extent Plaintiff asserts an equal protection claim, Plaintiff must demonstrate disparate treatment and discriminatory purpose or intent on the part of Defendants. *Hernandez v. New York*, 500 U.S. 352, 359-60 (1991); *see also Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009) ) (unpublished) (discussing a claim that officials issued misconduct infractions on the basis of race); *Coker v. Summit County Sheriff's Dep't*, 90 F. App'x 782, 790 (6th Cir. 2003) (unpublished) (discussing a claim of selective prosecution on the basis of race).

As to the sexual misconduct charge, there is no genuine dispute that Plaintiff made lewd sexual gestures toward Officer Killips. Plaintiff offers affidavits from other prisoners asserting that they heard Bowerman tell Plaintiff not to look at Killips. Prisoner Corey Askew attests that he heard Bowerman tell Plaintiff "'Don't be looking at Killips, don't be looking at her, that is my girl.'" (Dkt. No. 37, Ex. 3, at 6.) Prisoner Bobby Overton asserts that he heard Bowerman tell Plaintiff "'Stop looking at my girl Killips.'" (Dkt. No. 37, Ex. 3, at 7.) As Defendants indicate, no evidence offered by Plaintiff addresses the basis for the sexual misconduct charge, which was Plaintiff's lewd gestures toward a prison officer. Thus, the factual basis for Plaintiff's claim fails because there is no genuine dispute that Plaintiff engaged in the conduct with which he was charged. No evidence suggests that Defendant Bowerman fabricated a misconduct charge.

To the extent Plaintiff contends that Defendant Bowerman discriminated against Plaintiff by selectively charging Plaintiff with sexual misconduct, there is no evidence of such. Prisoner Jessie Moon asserts that he is white and that Bowerman and Killips have watched him masturbate without charging him with misconduct. (Dkt. No. 37, Plf. Ex. 3, at 9.) This evidence does not suggest that Plaintiff was treated differently from similarly-situated prisoners, however. Plaintiff was charged with sexual misconduct for making sexual gestures of a demeaning and harassing nature towards a prison employee. (*See* Dkt. No. 37, Ex. 2, at 9, Major Misconduct Hr'g Rep.) There is no evidence that Moon was engaged in conduct directed at prison officials, or that his conduct otherwise violated prison rules.

Therefore, Defendant Bowerman is entitled to summary judgment with respect to Plaintiff's retaliation and/or equal protection claim.

Similarly, with respect to the threatening behavior charge, there is no genuine dispute that Plaintiff engaged in the conduct with which he was charged. Defendant Santure signed an affidavit describing Plaintiff's threatening statements against him. (Dkt. No. 37, Ex. 2, 13.) Plaintiff was found guilty of this conduct at the misconduct hearing.

The R&R determined that there remained an issue of fact as to whether Plaintiff engaged in threatening behavior, referring to a signed statement by prisoner Churn-Bey, who asserts that he never heard Plaintiff threaten Santure. (Dkt. No. 37, Ex. 3, at 12.) Defendants properly object that this statement is not sworn and is, thus, not adequate to raise an issue of material fact in response to Defendants' motion for summary judgment. *See Vance v. Wade*, 546 F.3d 774, 779-80 (6th Cir. 2008) (noting that an unsworn statement is hearsay and does not add to a party's evidence on summary judgment); Fed. R. Civ. P. 56(e)(2) (requiring a party opposing a summary judgment motion to "set out specific facts" showing a genuine issue for trial "by affidavits or as otherwise provided in this rule"). Thus, the R&R should not have considered this statement in its determination.

Plaintiff also asserts in his verified amended complaint that Defendant Santure "falsified a Major Misconduct of 'Threatening Behavior' against Plaintiff," but he offers no support for this assertion. In sum, no evidence offered by Plaintiff creates an issue of fact with respect to whether Plaintiff engaged in threatening conduct. Accordingly, the factual

basis for Plaintiff's claim fails because there is no genuine dispute that Defendant Santure did not fabricate a misconduct charge.

To the extent Plaintiff contends that Defendant Santure selectively enforced the prison rules against Plaintiff in violation of the Equal Protection Clause, this claim fails because there is no evidence that similarly-situated prisoners were treated differently from him. Therefore, Defendant Santure is entitled to summary judgment with respect to Plaintiff's equal protection and/or retaliation claim.

With respect to Defendant Killips, no evidence implicates her in any conduct in violation of the Equal Protection Clause or the First Amendment. Therefore, the Court rejects the conclusion of the R&R and will grant Defendant's motion for summary judgment with respect to Plaintiff's claims against Defendants Bowerman, Santure, and Killips.

E. Defendants' Objection II

Defendants asserted in their motion for summary judgment that Plaintiff is not entitled to damages because, under 42 U.S.C. § 1997e(e), a prisoner may not bring a federal civil action for mental or emotional injury without a prior showing of physical injury. *Id.* The R&R agreed with this statement of the law, but rejected Defendants' argument because Plaintiff has not asserted a claim for mental or emotional injury. Defendants again raise this issue to the Court in their objections.

It is not obvious to the Court that the determination of the R&R was in error. Defendants cite one statement in the complaint in which Plaintiff asserts that he was

"victimized by the feigning ability and false justice of the Hearing Officer" when he was sentenced to loss of privileges as a result of the misconduct charges. (Dkt. No. 6, Am. Compl. ¶ 33.) Even if the Court were to construe this statement as an allegation of, or claim for, emotional or mental injury, however, the Court agrees with Defendants that there is no evidence of any physical injury resulting from Defendants' conduct.

Nevertheless, even if Plaintiff is not entitled to damages for emotional or mental injury, it does not necessarily mean that Plaintiff is not entitled to any damages. Courts may, for instance, award *punitive* damages under § 1983 for acts that are "maliciously, wantonly, or oppressively done." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 n.9 (1986). The Court declines to address whether Plaintiff may be entitled to damages, however, because this issue is moot. Defendants are entitled to judgment in their favor for the reasons stated in the R&R and this opinion.

An order and judgment will be entered that are consistent with this opinion.


Dated: <u>August 30, 2010</u>                     /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE